624 S.E.2d 533

**In re: Shelda Jean ROBINETTE, an alleged protected person**

**No. 32668.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 5, 2005.

Decided Nov. 30, 2005.

Timothy N. Logan, Esq., Waynesburg, PA, for Appellant Kathy Robinette.

James F. Cain, Esq., Elkins, for Appellee Carla Robinette.

Christopher W. Cooper, Esq., Cooper, Preston & Douglas, Parsons, Guardian Ad Litem.

**PER CURIAM:**

The appellant, Kathy Robinette ("Kathy") petitioned the Circuit Court of Tucker County to modify the circuit court's appointment of the appellee, Carla Robinette ("Carla"), as a guardian and conservator[1] for Shelda Jean Robinette ("Shelda") and her estate. Shelda is Kathy's and Carla's mother. Carla lives in Tucker County, West Virginia and Kathy lives in Ohio.

The Circuit Court of Tucker County ruled that Kathy had failed to show that Carla was not an appropriate guardian and conservator and refused to modify its appointment order. Kathy has appealed that order to this Court.

We affirm the circuit court's action; however, we remand the case with instructions that the circuit court should modify its order to provide that Ohio attorney Elizabeth Goodwin or another suitable person should

---

1. Under West Virginia law, a "guardian" is a "person appointed by the court who is responsible for the personal affairs of a protected person" and a "conservator" is a "person appointed by the court who is responsible for managing the estate and financial affairs of a protected person." *W.Va.Code,* 44A-1-4 [2000].

manage certain assets and income in Ohio that belong to Shelda for Shelda's benefit.

## I.

Shelda Jean Robinette was born and raised in Tucker County, and has apparently resided in Ohio or in West Virginia all of her life. A guardian *ad litem* appointed for Shelda by the Circuit Court of Tucker County in connection with the proceedings in the instant case concluded that Shelda had legally resided in West Virginia since at least 2001 and until the present time; and this conclusion is supported by the record. Shelda owns property and assets located in West Virginia and in Ohio.

In 2003, at Kathy's request, the Cuyahoga County, Ohio, Common Pleas Court appointed Ohio attorney Elizabeth Goodwin as guardian and conservator of Shelda and her estate.[2] Attorney Goodwin has been managing Shelda's assets and property in Ohio since 2003, including receiving certain income from social security and other sources that Shelda is entitled to receive. Attorney Goodwin has apparently retained this income in a trust account pending the outcome of these legal proceedings, and has paid certain expenses for the maintenance of Shelda's property in Ohio.

In May of 2004, Carla filed a "Petition For Appointment Of Conservator/Guardian" for Shelda in the Tucker County Circuit Court. A report from Shelda's personal physician submitted in connection with Carla's petition stated that Shelda has mild dementia and has difficulty making complex decisions; that Shelda has expressed a desire to remain with Carla; and that Carla is an appropriate conservator and guardian.

On August 23, 2004, the Tucker County Circuit Court held an evidentiary hearing and subsequently entered an order finding that Shelda is a "protected person" under W.Va.Code, 44A–1–4 [2000] and appointing Carla as the guardian and conservator of Shelda and her estate.

On September 22, 2004, Kathy filed a Petition for Revocation of the circuit court's order. On November 17, 2004, Kathy filed an amended Petition, styled as a "Petition for Modification" of the circuit court's order, and a second evidentiary hearing was held.

In her Petition for Modification, Kathy requested that the Tucker County Circuit Court grant "shared custody" of Shelda to Kathy and Carla, with Shelda to live in Ohio for six months and in West Virginia for six months. Kathy proposed that Attorney Goodwin should be the conservator of all of Shelda's property and assets and should be Shelda's guardian when Shelda is in Ohio; and that Carla should be Shelda's guardian when Shelda is in West Virginia.[3]

Following the second evidentiary hearing, the circuit court denied Kathy's Petition for Modification. The circuit court found that Kathy had produced no evidence showing that Carla was failing in her duties as guardian and conservator, or that Carla had violated any of the reasonable rules or regulations with which she is required by law to comply. The circuit judge heard evidence showing that Shelda had freely and clearly expressed her desire to live with Carla; and that Shelda's degree of incompetence was not so great that the circuit court should ignore Shelda's wishes—as long as doing so would be otherwise consistent with Shelda's best interests.

The appellant appeals from the Tucker County Circuit Court's November 30, 2004 order refusing to modify its previous guardianship and conservatorship order.

## II.

When this Court reviews challenges to the findings and conclusions of the cir-

---

**2.** The record suggests that Shelda may have been brought by Kathy before the Ohio court in connection with a guardianship/conservatorship petition while Shelda was in Ohio in 2003; that the Ohio court may have declined to take any action due to statements made by Shelda to the court; that Carla subsequently unsuccessfully tried to have an attorney file a guardianship/conservatorship in West Virginia; and that the Ohio court thereafter entered a guardianship/conservatorship order. The exact details of these events are not relevant to our ruling herein.

**3.** However, *W.Va.Code*, 44A–2–10(b) [1994] states that the court may only appoint one guardian and one conservator.

cuit court, a two-prong deferential standard of review is applied. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard.

Syllabus Point 1, *McCormick v. Allstate,* 197 W.Va. 415, 475 S.E.2d 507 (1996).

### III.

■ In her appeal, Kathy Robinette does not challenge the jurisdiction of the Tucker County Circuit Court to rule on the issue of whether to order a guardianship/conservatorship for Shelda and her estate. Kathy does however contend in her appeal that the Tucker County Circuit Court should have revoked its original appointment order.

Kathy clearly sought this relief in the circuit court in her Petition for Revocation of the circuit court's original guardianship/conservator order. However, Kathy's Petition for Revocation was never ruled upon by the circuit court—because she withdrew it from the circuit court's consideration.[4]

Kathy's subsequent Petition for Modification did not assert that the Ohio court's action precluded the Circuit Court of Tucker County from deciding who should be an appropriate guardian and conservator of Shelda and her estate. Rather, Kathy's petition requested that the Circuit Court of Tucker County modify its ruling to order the "shared custody" arrangement described above.

■ "This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." Syllabus Point 2, *Sands v. Security Trust Co.,* 143 W.Va. 522, 102 S.E.2d 733 (1958). Kathy has therefore failed to preserve for appeal any challenge to the propriety of the Tucker County Circuit Court's consideration

on the merits of the issue of who should be Shelda's guardian or conservator.[5]

■ The only issue properly before this Court is the substantive legal propriety of the circuit court's ruling on Kathy's Petition for Modification. Both parties in their briefs submit and we will assume for purposes of our decision that the circuit court's ruling on this issue is reviewed for an abuse of discretion.

Shelda Jean Robinette is an elderly woman who is no longer capable of making complicated decisions about her own welfare. Despite evidence suggesting that Kathy and Carla have had a stormy relationship, the record shows that the circuit court had sufficient grounds to conclude that Carla has proven to be a competent caretaker for Shelda over the past several years.

We are comfortable in upholding the circuit court's conclusion in the exercise of its discretion not to modify its order appointing Carla to act as Shelda's guardian and conservator. Therefore, we affirm the circuit court's appointment of Carla Robinette as Shelda Robinette's guardian and conservator, subject to the limitations hereinafter described.[6]

After a full review of the record, we are also persuaded that, given the current strained relationship between Kathy and Carla, Shelda's property and assets in Ohio are much more likely to be efficiently, appropriately, and amicably managed for Shelda's benefit if the currently functioning arrangement for such management is continued in place—at least until some change of circumstances shows the need for a change in management.

Consequently, we remand the instant case with instructions that the circuit court should modify its guardianship and conservatorship order to provide that Ohio attorney Elizabeth Goodwin (or if she cannot continue in that

---

4. In issuing its November 2004 ruling, the trial court said "[t]herefore, your petition for Modification is going to be denied and the Petition for Revocation being withdrawn, the issue is now moot."

5. In fact, the relief requested in Kathy's Petition for Modification constituted an explicit recogni-

tion that the Tucker County Circuit Court had such authority.

6. We find no merit in Kathy's additional arguments on appeal that the circuit court failed to make adequate inquiry into Shelda's competency, and that the bond set for Carla was improper.

role, another appropriate party in Ohio who is approved by the Tucker County Circuit Court) should manage Shelda's property and assets located in Ohio for Shelda's benefit. That management should include receiving and directing Shelda's income that is currently being received by attorney Goodwin to Carla for Carla's use in caring for care of Shelda, less any expenses that are necessary for the maintenance of Shelda's Ohio property and assets. A regular accounting of said management should be made to Carla, Kathy, and any other appropriate persons or entities as determined by the circuit court.[7]

Affirmed and Remanded with Instructions.

**7.** A better result, of course, would be for Kathy and Carla to agree to an appropriate plan of management of Shelda's Ohio property and as-

sets that did not require the services of an attorney.