# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**January 27, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: R.M.,**
**An Alleged Protected Person**

**No. 16-0200** (Jefferson County 15-G-10)

## MEMORANDUM DECISION

Petitioner A.H. ("father"),[1] pro se, appeals the order of the Circuit Court of Jefferson County, entered on January 28, 2016, appointing Respondent F.M. ("mother") as sole guardian of the parties' adult child, R.M. Respondent, pro se, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are husband and wife, but are currently in the process of obtaining a divorce. Their youngest child, R.M., has Down's Syndrome and was born on July 26, 1997. In anticipation of R.M.'s eighteenth birthday, respondent filed a petition to be appointed R.M.'s guardian pursuant to the West Virginia Guardianship and Conservatorship Act, West Virginia Code §§ 44A-1-1 to 44A-5-9 ("Act"), on May 26, 2015. Pursuant to West Virginia Code § 44A-2-7, an attorney was appointed to represent R.M. in the guardianship proceeding.

A mental hygiene commissioner held hearings on July 31, 2015, and September 10, 2015. Following the July 31, 2015, hearing, the mental hygiene commissioner entered an order on August 7, 2015, finding that the proceeding was contested. The mental hygiene commissioner found that, because respondent desired to be appointed as R.M.'s sole guardian, petitioner stated

---

[1] By a scheduling order, entered March 15, 2016, this Court deemed the parties' case confidential pursuant to Rule 40(e) of the West Virginia Rules of Appellate Procedure and directed the use of full initials for the parties and their adult child.

1

that he also sought sole guardianship of R.M. While petitioner did not file a guardianship petition, the mental hygiene commissioner determined that petitioner's stated intention to be appointed guardian was sufficient to make him eligible for such appointment under the Act. Accordingly, the mental hygiene commissioner ordered petitioner to undergo a criminal background check, which he subsequently passed.

Following the September 10, 2015, hearing, the mental hygiene commissioner issued her findings of fact and recommendations to the circuit court on September 11, 2015. The mental hygiene commissioner found that R.M. met the definition of a "protected person" set forth in West Virginia Code § 44A-1-4(13). The mental hygiene commissioner further found that each party was a suitable guardian for their daughter and recommended that the parties be appointed R.M.'s co-guardians. The mental hygiene commissioner found that, in their testimony, R.M.'s older brother and sister advocated for petitioner's appointment as co-guardian. On October 14, 2015, respondent filed objections to the September 11, 2015, findings of fact and recommendations insofar as the mental hygiene commissioner recommended that petitioner be appointed R.M's co-guardian.

The circuit court held a hearing on January 19, 2016, at which it rejected the mental hygiene commissioner's recommendation that the parties be appointed R.M.'s co-guardians on two grounds. First, as a jurisdictional matter, the circuit court determined that petitioner's failure to file a guardianship petition meant that he was ineligible for such appointment under the Act. Second, as a factual matter, the circuit court found that a co-guardianship in R.M's case would be impractical. The circuit court explained, as follows:

> . . . [I]t just becomes problematic when you have two people arguing over things especially in cases . . . and this is just from the pleadings [and] what I received, the [parties] have been estranged for I believe it was seven years. I don't know if a divorce has been filed yet or not. The petition said a divorce was going to be filed, but what happens is when you do a co-guardianship, which has nothing to do with visitation,[2] it has nothing to do with anything like that since the child is now over the age of 18, but what happens is then the purpose of the guardianship becomes just another tool or pawn in the domestic relations aspect of it.

(Footnote added).

By order entered January 28, 2016, the circuit court adopted the mental hygiene commissioner's findings of fact and recommendations except for the recommendation that the parties be appointed R.M.'s co-guardians. The circuit court appointed respondent as R.M's sole guardian because (a) no jurisdiction existed to consider petitioner's request to be appointed co-guardian because he did not file a guardianship petition as required by the Act; and (b) "under the circumstances of this case, it would not be in the best interests of [R.M.] that co-guardians be

---

[2]In her findings of fact and recommendations, the mental hygiene commissioner found that R.M. "lives with [respondent] in [respondent's] home and also stays with [petitioner] in his home."

appointed and that it appeared that [respondent] would be a suitable sole guardian."

Petitioner now appeals the circuit court's January 28, 2016, order appointing respondent as R.M's sole guardian. Subject to exceptions not applicable to the instant case, the Act provides that the selection of a guardian is "is in the discretion of the [circuit] court," which "may accept *or reject* the recommendations of the mental hygiene commissioner." W.Va. Code §§ 44A-2-9(a) and -10(b) (emphasis added). In syllabus point one of *In Re Robinette*, 218 W.Va. 186, 624 S.E.2d 533 (2005), we set forth the applicable standard of review:

> When this Court reviews challenges to the findings and conclusions of the circuit court, a two-prong deferential standard of review is applied. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard.

(quotations and citations omitted).

We note that issues of statutory interpretation involve de novo review. *See* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). However, we assume, arguendo, that petitioner was eligible to be appointed R.M.'s co-guardian under the Act despite his failure to file a guardianship petition and affirm the circuit court's appointment of respondent as sole guardian on the ground that the court did not err in finding that it was not in the best interests of R.M. for the parties be appointed as co-guardians.[3]

On appeal, petitioner concedes that the Act requires that appointment of co-guardians be based on a determination that such an appointment would serve the protected person's best interests. *See* W.Va. Code § 44A-1-8(b) (providing that "[t]he court may, *after first determining it to be in the best interest of the protected person*, appoint co[-]guardians") (emphasis added). Respondent asserts that a co-guardianship would be impractical given that the parties are estranged and currently in divorce proceedings. Respondent notes that, in *Robinette*, we found that the circuit court did not abuse its discretion in denying a petition to appoint a co-guardian where (1) the petitioner had a strained relationship with the previously appointed guardian; and (2) there was a sufficient record to show that the previously appointed guardian was a competent caretaker of the protected person. 218 W.Va. at 189, 624 S.E.2d at 536. The circuit court's finding in the instant case was very similar in that the court found that "[(1)] under the circumstances of this case, it would not be in the best interests of [R.M.] that co-guardians be appointed[;] and [(2)] that it appeared that [respondent] would be a suitable sole guardian."

Petitioner does not dispute that the record shows that respondent is a suitable guardian of

---

[3]We similarly decline to address respondent's argument that appointment of co-guardians is disfavored under the Act. *See Robinette*, 218 W.Va. at 188 n.3, 624 S.E.2d at 535 n.3 (citing W.Va. Code § 44A-2-10(b)).

R.M., but contends that the record does not support the circuit court's finding that the parties' long estrangement has prevented them from working together for their daughter's interests. Respondent counters that the circuit court clearly evaluated the record prior to ordering that she was appointed sole guardian. We agree with respondent and find that the circuit court evaluated the record given its reference to "the pleadings [and] what [it had] received" in the court file.[4]

Moreover, we find that it was the fact that divorce proceedings were imminent—not the parties' long estrangement—that compelled the circuit court to find that it was in R.M.'s best interests not to have both parents serve as co-guardians. The circuit court explained that it did not want the operation of the guardianship to become entangled with "the domestic relations aspect of it." Thus, we find that the circuit court both evaluated the record and provided a reason for its rejection of the mental hygiene commissioner's recommendation that petitioner be appointed as co-guardian. The parties' divorce proceedings are no longer imminent, but are now underway. Therefore, under the facts and circumstances of this case, we cannot say that the circuit court abused its discretion in appointing respondent as R.M.'s sole guardian.[5]

For the foregoing reasons, we affirm the circuit court's January 28, 2016, order appointing respondent as sole guardian of the parties' adult child, R.M.[6]

Affirmed.

**ISSUED:** January 27, 2017

---

[4]Petitioner contends that the circuit court mistakenly believed that he either did not pass or had not undergone his criminal background check. However, we agree with respondent that the transcript of the January 19, 2016, hearing reflects that the circuit court understood that petitioner had passed his background check.

[5]As noted by respondent, the Act permits petitioner to file a petition to modify the current guardianship arrangement should circumstances warrant such a modification. *See* W.Va. Code § 44A-4-6.

[6]Petitioner's only other argument is that the Honorable Christopher C. Wilkes had a conflict of interest that disqualified him from presiding in this case. Upon review of the record, we find that petitioner never filed a motion for Judge Wilkes' disqualification pursuant to West Virginia Trial Court Rule 17.01, which sets forth the procedure to be utilized for such motions. Therefore, given that petitioner failed to file the appropriate motion, we decline to address this issue.

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker