# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

IN RE: M.E.

**FILED**

**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**No. 22-ICA-189**     (Cir. Ct. Kanawha Cnty. No. 22-AF-10)

## MEMORANDUM DECISION

Petitioner Kevin K. appeals the Circuit Court of Kanawha County's October 3, 2022, Financial Exploitation Protective Order, which found that Kevin K. financially exploited M.E.[1] Respondent West Virginia Department of Health and Human Resources ("DHHR") filed a response in support of the circuit court's order.[2] Kevin K. filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). The Court has considered the parties' briefs and the record on appeal. For the reasons expressed below, this case is remanded to the circuit court for further development of the record.

On September 20, 2022, a Petition for Temporary Financial Exploitation Protective Order was filed in the Magistrate Court of Kanawha County on behalf of M.E. The petition was filed by Jennifer N. Taylor, who stated in the petition that she was appointed as the attorney for M.E. in a concurrent guardianship proceeding in Kanawha County Circuit Court. The petition alleged that Kevin K. befriended M.E., an elderly woman who suffers from dementia, fraudulently obtained a durable power of attorney over her, sold her household belongings and emptied her savings account in Maine, attempted to sell her houses in Maine and New Jersey, kept her automobile and cell phone, and brought her to West Virginia from New Jersey.

On the same date, the magistrate court entered a Temporary Financial Exploitation Protective Order in favor of M.E. against Kevin K. The matter was then transferred to circuit court.

On September 22, 2022, the circuit court, in the concurrent guardianship proceeding, entered an order that appointed the DHHR as guardian for M.E. and appointed the Kanawha County Sheriff as her conservator.

---

[1] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[2] Kevin K. is self-represented. DHHR is represented by Andrew T. Waight, Esq.

On September 29, 2022, the circuit court entered an order setting an evidentiary hearing in front of the Mental Hygiene Commissioner. The next day, on September 30, 2022, the evidentiary hearing was held before the Mental Hygiene Commissioner. Kevin K. did not appear for the hearing. The hearing before the Mental Hygiene Commissioner was audio-recorded but, unfortunately, the recording is inaudible.

Following the evidentiary hearing, on October 3, 2022, the circuit court entered its Financial Exploitation Protective Order. The order found that:

> [M.E.] previously spent her time between Verona, New Jersey and Milbridge, Maine. Over the last several months, [Kevin K.] befriended [M.E.]. August 12, 2022, still shots from a video recording show [Kevin K.] and [M.E.] at Bar Harbor Bank and Trust withdrawing $6,640.00, a sum which has not been recovered. Testimony from the above listed witnesses established that the car of [M.E.] remains on the property of [Kevin K.], and household/personal items have been removed from her home in Milbridge, Maine. September 11, 2022, [M.E.] was found in Charleston, [West Virginia], and brought to Charleston Area Medical Center, where she was found to lack capacity. [M.E.] is a Protected Person by Order in 22-G-70, signed September 22, 2022.

The order went on to prohibit Kevin K. from receiving, holding, or accessing any assets of M.E., transferring or converting any of M.E.'s property, or contacting M.E. In addition, the order required Kevin K. to return all household/personal items of M.E., return M.E.'s car, and return the $6,640.00 withdrawn from M.E.'s Bar Harbor Bank account. Kevin K. was also ordered to pay the filing fees associated with this matter as well as attorney's fees. It is from this order that Kevin K. appeals. On appeal, Kevin K. asserts that the circuit court lacked jurisdiction, that he did not receive timely notice of the evidentiary hearing, and that he did not financially exploit M.E.

Generally, we review an appeal of this nature pursuant to the standards set forth by the Supreme Court of Appeals of West Virginia in Syllabus Point 1 of *In Re Robinette*, 218 W. Va. 186, 624 S.E.2d 533 (2005) (per curiam). However, such standards contemplate a sufficient record from which a reviewing court can evaluate the circuit court's findings and conclusions. Here, as noted previously, the audio from the evidentiary hearing is inaudible. "When the record in an action or suit is such that an appellate court cannot in justice determine the judgment that should be finally rendered, [the] case should be remanded to the trial court for further development." Syl. Pt. 2, *South Side Lumber Co. v. Stone Constr. Co.*, 151 W. Va. 439, 152 S.E.2d 721 (1967). Without the benefit of the evidence adduced at the evidentiary hearing, it is impossible for this Court to adequately evaluate the circuit court's order relative to Kevin K.'s assignments of error. Accordingly, remand for development of the record is appropriate.

Furthermore, the limited record before the Court and the briefing of the parties has raised issues that concern the Court and should be addressed by the circuit court on remand. First, the Court has concern regarding the circuit court's jurisdiction. "It is a fundamental principle of law that a court must possess both *in personam* jurisdiction and subject matter jurisdiction in order to exercise authority in a case." *Burnett v. Burnett,* 208 W. Va. 748, 753, 542 S.E.2d 911, 916 (2000).

In regard to subject matter jurisdiction, Article 2 of the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act "provides the exclusive jurisdictional basis for a court of this state to . . . issue a protective order for an adult." W. Va. Code § 44C-2-1 (2009). A court of this state has jurisdiction to issue a protective order for an adult if:

> (1) This state is the [adult]'s home state;
> (2) On the date the petition is filed, this state is a significant-connection state[;] . . .
> . . . .
> (3) This state does not have jurisdiction under either subdivision (1) or (2) of this section, the [adult]'s home state and all significant-connection states have declined to exercise jurisdiction because this state is the more appropriate forum and jurisdiction in this state is consistent with the Constitutions of this state and the United States; or
> (4) The requirements for special jurisdiction under section three of this article are met.

W. Va. Code § 44C-2-2.[3]

A court of this state that does not have jurisdiction under West Virginia Code §44C-2-2 has special jurisdiction to:

> (1) Appoint a guardian in an emergency for a term not exceeding ninety days for [an adult] who is physically present in this state;
> (2) Issue a protective order with respect to real or tangible personal property located in this state;
> (3) Appoint a guardian or conservator for an incapacitated or protected person for whom a provisional order to transfer the proceeding from another state has been issued under procedures similar to those provided in section one, article three of this chapter.

---

[3] Significant connection jurisdiction under this Code section has additional requirements that are not relevant here as the DHHR has conceded in its brief that M.E. does not have a significant connection to West Virginia.

W. Va. Code § 44C-2-3.

Here, DHHR concedes in its brief that West Virginia is not M.E.'s home state or a state that she has a significant connection to. Further, special jurisdiction does not apply to this matter as the appointment of a guardian and a conservator for M.E. was addressed in a separate proceeding that is not the subject of this appeal and the property at issue does not appear to be located in this state. Therefore, it appears the only way that the circuit court could have subject matter jurisdiction to issue a protective order for M.E. would be if M.E.'s home state and all significant-connection states have declined to exercise jurisdiction because this state is the more appropriate forum and jurisdiction in this state is consistent with the constitutions of this state and the United States.

Further, "[a] court which has jurisdiction of the subject matter in litigation exceeds its legitimate powers when it undertakes to hear and determine a proceeding without jurisdiction of the parties." Syl. Pt. 4, *State ex rel. Smith v. Bosworth,* 145 W. Va. 753, 117 S.E.2d 610 (1960). As noted by the Supreme Court of Appeals of West Virginia in Syllabus Point 1 of *Pries v. Watt*, 186 W. Va. 49, 410 S.E.2d 285 (1991), "[t]he Due Process Clause of the Fourteenth Amendment to the United States Constitution operates to limit the jurisdiction of a state court to enter a judgment affecting the rights or interests of a nonresident [respondent]. This due process limitation requires a state court to have personal jurisdiction over the nonresident [respondent]." A state may authorize its courts to exercise personal jurisdiction over an out-of-state respondent if the respondent has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). However, it is unclear from the briefs of the parties and limited record before the Court what contacts, if any, Kevin K. has with the State of West Virginia.

For the foregoing reasons, we remand to the circuit court with directions to further develop the record and issue an order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review. Specifically, the circuit court is instructed to conduct such further proceedings as it deems necessary to determine whether it has subject matter jurisdiction pursuant to West Virginia Code § 44C-2-2 and personal jurisdiction over Kevin K. Should the circuit court determine that it has jurisdiction over this subject matter and Kevin K., the circuit court is instructed to hold a new evidentiary hearing and issue an order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review.[4] For the protection of M.E., the Financial

---

[4] While a party to litigation should generally not benefit from their failure to appear for a scheduled hearing, the September 29, 2022, order setting the evidentiary hearing before the Mental Hygiene Commissioner was entered one day before the evidentiary hearing. There is nothing in the limited record before this Court or in the briefs of the parties that purports to demonstrate or argue that Kevin K. received the order prior to the

Exploitation Protective Order shall remain in effect pending entry of a final order by the circuit court consistent with this decision.

Remanded with Directions.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

hearing. "A party should not be deprived of his opportunity to be heard on the merits when he failed to appear for lack of notice." *Cordell v. Jarrett*, 171 W. Va. 596, 598, 301 S.E.2d 227, 230 (1982). On remand, in the absence of evidence that Kevin K. received the order prior to the evidentiary hearing, Kevin K. should be afforded an opportunity to be heard.